Arthur A. Zorio
Nevada Bar No. 6547
BROWNSTEIN HYATT FARBER SCHRECK, LLP
5371 Kietzke Lane
Reno, NV 89511
Telephone: 775-324-4100
Facsimile: 775-333-8171
Email: azorio@bhfs.com

Diane J. Zelmer
Florida Bar No. 27251
(Admitted *Pro Hac Vice*)
BERENSON, LLP
4495 Military Trail, Ste. 203
Jupiter, FL 33458
Telephone: 561-429-4496
Email: djz@berensonllp.com

*Attorneys for DABELLA EXTERIORS, LLC, an Oregon limited liability company; and DAMSELFLY IMPROVEMENT, LLC d/b/a/ DaBella, an Oregon limited liability company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MATTHEW LEPIRE, an individual, and RENOTAHOE GLASS, LLC dba RENOTAHOE GLASS, a Nevada limited liability company,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>DABELLA EXTERIORS, LLC, an Oregon limited liability company, DAMSELFLY IMPROVEMENT, LLC, a domestic limited liability company, DOES 1-20, and ROE Corporations I-X,<br><br>　　　　　　　Defendants. | Case No. 3:23-cv-00019-ART-CLB<br><br>**ORDER GRANTING STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

DAMSELFLY IMPROVEMENT, LLC. d/b/a/ DaBella, an Oregon limited liability company,

Counter-Plaintiff,

vs.

MATTHEW LEPIRE, an individual,

Counter-Defendant.

Plaintiffs, MATTHEW LEPIRE, an individual, and RENOTAHOE GLASS, LLC, a Nevada limited liability company dba RENOTAHOE GLASS ("Plaintiffs"), and Defendants, DABELLA EXTERIORS, LLC, an Oregon limited liability company, and DAMSELFLY IMPROVEMENT, LLC d/b/a Dabella, an Oregon limited liability company ("Defendants"), by and through their respective counsel of record, hereby enter into this Stipulated Confidentiality Agreement and Protective Order (the "Stipulated Protective Order") pursuant to FRCP 26(c). The Parties have agreed and stipulated to the entry of this Stipulated Protective Order for the protection of certain personal records, information, financial records, confidential records, trade and proprietary information, commercial information and agreements, and related information produced or otherwise disclosed by the Parties in this action as follows:

1.     The Parties anticipate that they may be required to produce documents, information, or evidence that relates to non-public financial or business information, or personal or private information, or intellectual property rights that a Party alleges is proprietary or confidential. This Stipulated Protective Order is designed to protect such information from public disclosure.

2.     Any Party or non-party from whom discovery has been sought (the "Producing Party") may designate certain documents, testimony, responses to written discovery, or other discovery material, and all copies thereof, as "Confidential" pursuant to the terms of the Stipulated Protective Order ("Confidential Information").

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

a. Confidential Information shall include only such discovery material that the Producing Party reasonably believes not to be in the public domain and that contains any confidential or proprietary records, trade agreements and/or secrets, intellectual property, inventions, personal or private information, financial documents or information, marketing information, or other confidential, strategic, research, development, or commercial information or agreements.

b. A document or information contained in a document or discovery response given or filed in this lawsuit may be designated "Confidential" by stamping or otherwise marking (in a manner as will not interfere with the legibility of the document) each page of a document containing Confidential Information with the word "CONFIDENTIAL." Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain Confidential Information shall also be treated as Confidential pursuant to this Stipulated Protective Order.

3. Any inadvertent failure to designate a document or information "Confidential" during production may be corrected by prompt written notification to all counsel of record. Absent exception circumstances, "prompt" shall be defined as within five (5) business days. Deposition or hearing testimony may be designated as "Confidential" by appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to all counsel of record within five (5) days of receipt of the transcript. Exhibits which are deemed "Confidential" shall be so designated by stamping the exhibit accordingly.

4. All "Confidential" material shall be used solely for the prosecution or defense of the claims being litigated in this case, or in any case, mediation, or arbitration arising out of, or related to, this case, and/or for any related collection or execution of judgment, and for no other purpose. Unless and until the Court rules that documents or information designated as "Confidential" shall

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

not be treated as "Confidential", persons who receive documents or information so designated shall use and treat it as such, and shall not disclose it except to the following persons:

a.  Attorneys for Parties;

b.  Persons employed by the Parties or working under the direction of attorneys for the Parties, including secretaries and legal assistants, to the extent necessary to perform specific duties in connection with this action;

c.  Independent experts or consultants retained by a Party or an attorney for purposes of this litigation, as well as any employees, associates or independent contractors retained by those attorneys, experts, or consultants in their work on this matter, to the extent necessary to perform specific duties in connection with this action;

d.  Any person who originally authored or received the designated document or demonstrably gained prior knowledge of it in the regular course of business, as ascertained based on the document itself or prior sworn testimony; and

e.  The Court and Court personnel, stenographic reporters, videographers at depositions, mediators, arbitrators, or judges in any case, mediation, or arbitration arising out of, or related to, this case, subject to the protections of any Stipulated Protective Order the Court subsequently enters to further preserve the confidentiality of documents used at trial or other proceedings in this litigation.

5.  Prior to dissemination of documents designated "Confidential", or the contents thereof, to a person described in paragraphs 4(a)-(e), that person shall be advised by counsel making such dissemination of the terms of this Stipulated Protective Order.

6.  If a Party disputes a confidentiality designation and seeks to have information de-designated, that Party will notify the Designating Party in writing.  The Parties will make best efforts to resolve the designation dispute.  If the dispute cannot be resolved, and unless otherwise

- 4 -

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

agreed to by the Parties, the Designating Party will have 21 days from the date it was noticed to apply to the Court for a protective order. Until the Court rules on the application, the Parties will treat disputed materials or testimony as Protected Material.

7.    Any Party who seeks to file any document or information designated "Confidential" a part of the record shall file a motion with the Court to permit the document to be filed under seal. If the Court should deny any such motion, the Parties shall use their good-faith efforts to protect the "Confidential" information pursuant to this Stipulated Protective Order.

8.    A Party seeking to seal documents shall be required to exercise good faith and best efforts in preparing a memorandum of points and authorities that presents articulated facts identifying compelling reasons for non-disclosure. Any application to seal documents shall be served on opposing counsel together with the documents proposed to be filed under seal. Such service on opposing counsel shall be made at least seven (7) days prior to any hearing/determination regarding same so as to allow opposing counsel ample time to respond without causing a delay in the proceeding.

9.    This Stipulated Protective Order shall remain in full force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court, and shall survive termination of this action.

10.    Nothing herein shall impose any confidentiality obligation upon information which was already in the public domain, or is otherwise does not qualify as confidential, privileged, or protected material under the law.

11.    Each Party receiving material which has been designated as "Confidential" shall destroy or return all such materials upon the conclusion of this action and any appeals arising therefrom. Notwithstanding anything in this Stipulated Protective Order to the contrary, counsel for the respective Parties may retain one copy of the materials designated as "Confidential" in his

BROWNSTEIN HYATT FARBER SCHRECK, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100

or her stored file for archival purposes for one year from full and final conclusion of this litigation (including any appeals) but may not use or disseminate such materials except as ordered by a court.

12.    Within thirty (30) days after the conclusion of this action, including any appeals taken, and upon written notice by either party, all documents designated "Confidential" and copies thereof shall be returned to the Producing Party, other than that which is contained in pleadings, correspondence, and deposition transcripts. Counsel for the Parties shall either return to the Producing Party or destroy any and all notes, extracts, summaries, and other materials that contain information derived from documents designated "Confidential" and, if destroyed, shall certify in writing within thirty (30) days that the documents have been destroyed.

13.    With respect to all documents produced in connection with this litigation, whether or not any or all of same is designated by a Producing Party as containing or disclosing Confidential Information of that Party, all Parties agree that such documents produced by a Producing Party will be used exclusively for the purpose of prosecuting or defending the instant litigation between the Parties hereto and will not be used for any other purpose whatsoever.

14.    All objections as to admissibility into evidence of documents or information designated "Confidential" and subject to this Stipulated Protective Order are reserved until hearing in this case, or in any case, mediation, or arbitration arising out of, or related to, this case.

15.    The Parties may execute and acknowledge this Stipulated Protective Order in multiple counterparts, and if executed in such manner, it shall be valid and binding as if all Parties had executed the same original.

DATED this 11th day of May, 2023.

Respectfully submitted,

By: _/s/ Diane J. Zelmer_____    By: _/s/ August B. Hotchkin_

- 6 -

| | |
|---|---|
| ARTHUR A. ZORIO<br>5520 Kietzke Lane, Suite 110<br>Reno, Nevada 89511<br>Telephone: (775) 324-4100<br>Facsimile: (775) 333-8171<br>Email: azorio@bhfs.com<br><br>Diane J. Zelmer, Fla. Bar No. 27251<br>(Admitted Pro Hac Vice)<br>BERENSON, LLP<br>4495 Military Trail, Ste. 203<br>Jupiter, FL  33458<br>Telephone:  561-429-4496<br>Email: djz@berensonllp.com<br><br>*Attorneys for DABELLA EXTERIORS, LLC, an Oregon limited liability company; and DAMSELFLY IMPROVEMENT, LLC d/b/a/ DaBella, an Oregon limited liability company* | AUGUST B. HOTCHKIN, No. 12780<br>KAEMPFER CROWELL<br>50 West Liberty Street, Suite 700<br>Reno, Nevada  89501<br>Telephone: (775) 852-3900<br>Email: ahotchkin@kcnvlaw.com<br><br>*Attorney for MATTHEW LEPIRE and RENOTAHOE GLASS, LLC, a Nevada limited liability company dba RENOTAHOE GLASS* |

## ORDER

Any motion to seal filed pursuant to Paragraph 7 must comply with LR IA 10-5. The Court's jurisdiction over this protective order will cease upon the dismissal of this action.

**IT IS SO ORDERED.**

_____

UNITED STATES MAGISTRATE JUDGE

DATED: _____May 12, 2023._____

Brownstein Hyatt Farber Schreck, LLP
5520 Kietzke Lane, Suite 110
Reno, NV 89511
Tel. 775-324-4100